**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jefferey Lance Whitsett, Appellant.

Appellate Case No. 2017-001498

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2019-UP-418
Submitted November 1, 2019 – Filed December 31, 2019

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Jefferey Lance Whitsett appeals his convictions for five counts of criminal sexual conduct with a minor in the first degree, one count of criminal sexual conduct with a minor in the third degree, and one count of exposing another

to Human Immunodeficiency Virus.  On appeal, Whitsett argues the trial court erred in admitting the forensic interview of the nine-year-old victim because the victim's competency and credibility were not established at the forensic interview.  However, we find the trial court did not abuse its discretion in admitting the forensic interview.  The trial court evaluated the interview in light of the factors set forth in section 17-23-175(A) and (B) of the South Carolina Code (2014).  Moreover, the record supports each of the trial court's findings.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *id.* at 429-30, 632 S.E.2d at 848. ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Whitner*, 399 S.C. 547, 558, 732 S.E.2d 861, 867 (2012) ("[I]n [criminal sexual conduct] cases involving minors, the Legislature has made specific allowances for such hearsay statements of child victims under the proper circumstances."); S.C. Code Ann. § 17-23-175(A) (2014) ("[A]n out-of-court statement of a child is admissible if: (1) the statement was given in response to questioning conducted during an investigative interview of the child; (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means, except as provided in subsection (F); (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness."); S.C. Code Ann. § 17-23-175(B) (2014) ("In determining whether a statement possesses particularized guarantees of trustworthiness, the court may consider, but is not limited to, the following factors: (1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.